UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GERALD LINWOOD ROGERS, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00329-JAW |
| | ) | |
| UNITED STATES VETERANS ADMINISTRATION TOGUS HOSPITAL, | ) ) ) | |
| | ) | |
|     Defendant | ) | |

**RECOMMENDED DECISION**

Gerald Rogers filed this lawsuit on October 25, 2012. The Government has responded with a motion to dismiss. (ECF No. 8.) His "complaint" takes the form of a seven-page letter to the District Court Judge describing events commencing with an automobile accident in 1990. The automobile accident was not related to his military service as a reservist, but resulted in a neck injury caused by whiplash. Subsequently the injury apparently led to his early retirement from the military because of medical limitations. Rogers is an honorably discharged under medical conditions veteran of the Maine Army National Guard. His complaint does not provide the date of his discharge, but apparently it was some years after the 1990 automobile accident and prior to the events of December 2007, when he suffered a neck fracture while shoveling snow. He went to the emergency room at Togus Veterans Hospital. The doctor felt that Rogers had a seriously strained neck. A follow-up MRI was done in February 2008, and once the doctor reviewed the image she concluded that his neck had been seriously compromised and immediately ordered surgery. The consulting neurosurgeon, a Dr. Christensen, did not schedule an appointment until the end of April 2008. He viewed the MRI image and appeared surprised that he was not informed sooner of the nature of the injury. He scheduled surgery for May 2008.

Following the surgery the doctor informed Rogers he was lucky to be alive and that his spinal cord had been on the brink of being severed which could have led to death or a quadriplegic condition.

Following his surgery Rogers has unsuccessfully attempted to obtain disability income from both the VA and the Social Security Administration. He has moved around the country seeking employment opportunities. He was awarded some temporary disability status from Social Security in August 2010. Finally in the Fall of 2011 Rogers returned to Maine and obtained seasonal work with L.L. Bean in October 2011. Based upon the response to the motion to dismiss, it appears that Rogers again obtained seasonal employment in the Fall of 2012 and was laid off from that job with L.L. Bean on December 23, 2012. (Response to Motion to Dismiss, ECF No. 9.)

Rogers wants to recover $4,200,000.00 (inclusive of attorney fees) for the emotional distress and physical pain he suffered during the five months between the end of December 2007 and May 2008. His notice of claim under the Federal Tort Claims Act to that effect is dated July 5, 2012. (Notice of Claim, ECF. No. 1-1.) Rogers candidly admits that he did not know of the time limits under the Federal Tort Claims Act and asks this Court to disregard the statute of limitation, ruling in his favor on the merits of his claim. Because I conclude that this Court cannot disregard the statute of limitation, I recommend that the Court grant the defendant's motion to dismiss and enter judgment for the defendant.

## DISCUSSION

I view Rogers's claim as in the nature of a tort claim for medical malpractice arising from the failure of Togus to arrange for surgery at an earlier date. For tort claims against the federal government, the exclusive remedy is the Federal Tort Claims Act, 28 U.S.C. § 2679(b).

Pursuant to that statute, exhaustion of administrative remedies is an absolute jurisdictional prerequisite. 28 U.S.C. § 2675(a). The requirement is strictly applied because administrative exhaustion is a condition to the waiver of sovereign immunity. Donahue v. United States, 660 F.3d 523, 524 (1st Cir. 2011) (denying petition for rehearing en banc).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C. § 2401(b). A claim for medical malpractice accrues when the claimant knows or has reason to know of the existence of an injury and its probable relation to medical treatment. United States v. Kubrick, 444 U.S. 111, 123-24 (1979); Quinones v. United States, 324 Fed. Appx. 11, 13 (1st Cir. 2009) (unpublished) (citing McIntyre v. United States, 367 F.3d 38, 51 (1st Cir. 2004)).

In this case, Rogers's administrative tort claim is dated July 5, 2012, so his claim is forever barred unless it accrued sometime after July 5, 2010. But here, all VA treatment took place long before July 5, 2010. Indeed, based on the Plaintiff's pleadings, he was aware of his asserted injury and its cause no later than May 28, 2008, the date of his St. Mary's Hospital neurosurgery, which took place after his Togus treatment. Plaintiff offers nothing to suggest a later accrual date or the ability to meet his "heavy burden" for entitlement to any equitable relief. Farris v. Shinseki, 660 F.3d 557, 563 (1st Cir. 2011) (citing Rivera–Gomez v. de Castro, 900 F.2d 1, 3 (1st Cir. 1990) (discussing equitable tolling in the context of Title VII time limits involving administrative review)); Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2002) (rejecting medical malpractice plaintiff's claim of equitable tolling because she failed to make the requisite showing of due diligence).

Although the Court may entertain sympathy for Rogers's plight, the simple fact is that the statute of limitation has run and this Court cannot resurrect a claim that has been "forever barred" by congressional enactment. Based on the foregoing I recommend the Court grant the defendant's motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: January 7, 2013          /s/ Margaret J. Kravchuk
                                U.S. Magistrate Judge